# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:19-CR-255-1 |
| | ) | |
| | ) | |
| ROBERT MICHAEL STAYTON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

LORETTA C. BIGGS, District Judge.

Before the Court is Defendant's Motion for Reduced Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 55.) The Government filed a Response opposing Defendant's motion, (ECF No. 58), and Defendant filed a Reply. (ECF No. 60.) The Court, having considered the arguments of the parties as set forth below, finds that Defendant has failed to show an extraordinary and compelling reason for a sentence reduction and the factors under 18 U.S.C. § 3553(a) counsel against a reduction. Accordingly, Defendant's Motion for Reduced Sentence (ECF No. 55) will be denied.

## I.    BACKGROUND

On July 24, 2019, Defendant pled guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846 and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) and (a)(2)(A). (ECF No. 51 at 1.) Defendant's sentencing guidelines range

was 235 months to 293 months' imprisonment. (ECF No. 33, ¶ 87.) Defendant was sentenced to 144 months' imprisonment on each count, sentences to run concurrently. (*Id.* at 2.) Defendant is 56 years old, and his current projected release date is August 26, 2028.[1]

Defendant requests a reduction in sentence based on his chronic health conditions and the risk from Covid-19. (ECF No. 55 at 2-3.) Defendant also asserts his good behavior while incarcerated and the need to act as a caregiver for his elderly parents in support of his request for a reduction in sentence. (*Id.* at 4.) He contends a consideration of the factors under 18 U.S.C. § 3553(a) weigh in favor of release because he does not have a "serious violent criminal history" and is not a threat or danger to the community. (*Id.* at 4.) He notes that he has completed educational and vocational courses while incarcerated which will help him obtain employment upon release. (*Id.* at 5.)

The Government opposes the motion. (ECF No. 58.) The Government argues Defendant's medical conditions and any related risk of severe illness from Covid-19 do not amount to an extraordinary and compelling reason for relief. (*Id.* at 8.) The Government further argues that Defendant fails to show his family circumstances are an extraordinary and compelling reason for relief because he does not establish his parents are incapacitated or that he is the only available caregiver. (*Id.* at 13-14.) The Government also contends the § 3553(a) sentencing factors weigh against a reduction in sentence. (*Id.* at 15-16.)

---

[1] Fed. Bureau of Prisons, *Find An Inmate*, https://www.bop.gov/inmateloc/ (last visited Mar. 24, 2025) (enter "34934-057" in BOP Register Number field).

## II. DISCUSSION

A sentence imposed under the law is intended to be final. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010). However, a sentence may be modified when a specific provision of law or statute provides a basis for relief. *Id.*; *see also* 18 U.S.C. § 3582(b). To receive a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), a defendant must show: (1) extraordinary and compelling reasons exist to support a reduction; (2) a consideration of the relevant 18 U.S.C. § 3553(a) factors weigh in favor of sentence reduction; and (4) the reduction is consistent with the applicable policy statements issued by the Sentencing Commission. *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024)*; United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024).

Section 3582 requires a defendant to exhaust administrative remedies before seeking relief in court. *See* 18 U.S.C. § 3582(c)(1)(A). The record reflects Defendant filed a request for compassionate release with the Bureau of Prisons ("BOP") on or about October 20, 2022, (ECF No. 55 at 7), and the Government does not contest exhaustion. (ECF No. 58 at 5.) The Court will, therefore, proceed to the merits of Defendant's motion. *See United States v. Muhammad*, 16 F.4th 126, 130-31 (4th Cir. 2021).

### A. Extraordinary and Compelling Reasons

While a court has broad discretion to consider what constitutes an extraordinary and compelling reason under § 3582(c)(1)(A), a court is not wholly unrestricted. *See Davis*, 99 F.4th at 657. Section 3582 is not an opportunity for resentencing, but an opportunity to modify a sentence in circumstances as guided by the Sentencing Commission. *Dillon v. United States*, 560

U.S. 817, 825 (2010). The Court will first address each of the circumstances that Defendant contends qualify as extraordinary and compelling reasons for a sentence reduction.

       1.      <u>Medical Conditions and Covid-19</u>

A risk from Covid-19 may be considered an extraordinary and compelling circumstance, however a defendant must show both "the risk of contracting Covid-19 is higher in prison than outside of it, and that his preexisting conditions increase the risk of experiencing a serious or fatal case of the virus." *Davis*, 99 F.4th at 655 (citing *United States v. Brown*, 78 F.4th 122, 128 (4th Cir. 2023)). The Sentencing Commission policy advises that an inmate seeking such relief must show an outbreak of an infectious disease or public health emergency which "due to personal health risk factors and custodial status" place a defendant at increased risk of severe complications or death. U.S.S.G. § 1B1.13(b)(1)(D). The policy statement also recognizes compassionate release may be appropriate if a defendant is suffering from a terminal illness, a serious medical condition or declining health that "substantially diminishes the ability of the defendant to provide self-care" within prison or is suffering from "a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(A)-(C). As discussed below, Defendant has failed to show any of these circumstances.

The record reflects Defendant suffers from hypertension, hyperlipidemia (high cholesterol), anemia, and hypothyroidism. (ECF No. 59 at 12.) However, the records indicate his conditions are being adequately managed. Defendant has been placed on medication for his high cholesterol, hypertension and hypothyroidism, and takes iron for his anemia. (*Id.* at

Case 1:19-cr-00255-LCB   Document 61   Filed 05/09/25   Page 4 of 9

12, 14, 18.) There is no allegation by Defendant he has not received adequate care for his conditions while incarcerated, but he focuses on his increased risk from Covid due to these conditions. In his Reply Defendant argues, and the Government concedes, that he has health conditions which place him at increased susceptibility to serious illness from Covid, and notes that even with the vaccine he could still contract Covid. [2] However, "a generalized fear of contracting Covid-19 does not constitute an extraordinary and compelling reason for compassionate release." *United States v. McCain*, No. 06:CR203-1, 2023 WL 7385546, at * 8 (M.D.N.C. Nov. 8, 2023). Defendant was diagnosed with Covid in 2020 and recovered from the infection. (*Id.* at 60.) Defendant has received at least three doses of the Covid vaccine, (*id.* at 99), mitigating his risk from any future infection. *See Davis*, 99 F.4th at 655-56. Moreover, Defendant does not allege he is at greater risk inside the correctional institution than he would be if released, and he has failed to show he is at a correctional facility "affected or at imminent risk of being affected" by a Covid-19 outbreak or emergency. *See* U.S.S.G. § 1B1.13(b)(1)(D). The general Covid-19 Public Health Emergency Declaration ended on May 11, 2023.[3] Defendant is incarcerated at Hazelton USP which currently does not have any cases

---

[2] *See* https://www.cdc.gov/covid//hcp/clinical-care/underlying-conditions.html (last visited Mar. 10, 2025).

[3] CDC, *End of the Federal Covid-19 Public Health Emergency (PHE) Declaration*, https://archive.cdc.gov/www_cdc_gov/coronavirus/2019-ncov/your-health/end-of-phe.html (last updated Sep. 12, 2023).

5

of Covid.[4]  Defendant has failed to identify, or even allege, an increased risk from incarceration.

Lastly, there is no indication Defendant is seeking or entitled to relief under any of the other circumstances recognized in the policy statement relating to medical conditions. Defendant does not contend he is suffering from a terminal illness nor does he assert his medical conditions, taken alone or together, amount to a condition that substantially diminishes his ability "to provide self-care" within the prison or that he suffers from "a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." *See* U.S.S.G. § 1B1.13(b)(1)(A)-(C).  Accordingly, Defendant has failed to show an extraordinary and compelling circumstance based on his medical conditions or any risk from Covid-19.

   2.   Family Circumstances

Defendant also contends the Court should reduce his sentence because his elderly parents require his assistance as a caregiver.  (ECF No. 55 at 4.)  In support he states that his parents are in their 70's and:

> All of [his] brothers and daughter [have] died and passed away and there is no one at their residence to assist and help them do chores inside and outside their home, drive them to get groceries from the stores or medications, hospital visits, ect. [*sic*] So his parents definitely need him there at their home to accomplish these difficult tasks that they can not [*sic*] do by themselves.

(*Id.*)

The policy statement issued by the Sentencing Commission recognizes an extraordinary and compelling circumstance may exist from the incapacitation of a parent

---

[4] https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last visited Mar. 24, 2025.)

"when the defendant would be the only available caregiver for such family member or individual." U.S.S.G. § 1B1.13(b)(3)(C). Defendant asserts his parents need assistance from him, but there is no indication his parents are incapacitated. The record before the Court is devoid of any explanation or evidence identifying in what way his parents are allegedly incapacitated. Defendant merely refers to their ages and indicates they need help, but he does not identify any of their medical conditions or any physical or mental limitations. (ECF No. 55 at 4, ECF No. 60 at 2.) Moreover, the mere existence of a parent being elderly and who has general health issues does not demonstrate incapacitation. *See United States v. Armstrong*, Crim No. TDC-16-0601, 2024 WL 1096621, at *2 (D. Md. Mar. 13, 2024) (no showing of incapacitation based only on allegation that parent suffered heart disease and required regular assistance). Defendant has failed to show an extraordinary and compelling circumstance warranting a reduction in sentence based on his family circumstances.[5]

3. Rehabilitation

Defendant cites to his good behavior and rehabilitative efforts while in prison as circumstances that support a reduction in sentence. Defendant asserts he has not had any disciplinary infractions while incarcerated and has completed numerous "educational and vocational programs" that will help him with employment upon release. (ECF No. 55 at 3-4.)

---

[5] In his Reply, Defendant asserts he has "offered [e]vidence of both parents['] incapacitation based on providing 'phone numbers' in his motion to the Court. In which the Government could have contacted to verify both parents['] medical conditions . . ." (ECF No 60 at 2.) However, it is not the Government's or the Court's responsibility. The burden to establish extraordinary and compelling circumstances rests with Defendant. *See United State v. Melvin*, No. 23-6011, 2023 WL 5974872, at * 2 (4th Cir. Sept. 14, 2023) (unpublished) (citing *United States v. Newton*, 996 F.3d 485, 488 (7th Cir 2021)); *see also United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024); *United States v. Griggs*, 462 F. Supp. 3d 610, 615 (D.S.C. 2020).

The information shows Defendant has taken BOP courses including training on hospitality management and food safety, as well as self-improvement classes relating to health and fitness, and drug education. (*Id.* at 8-19.) The Court recognizes these positive steps but concludes they do not rise to the level of an extraordinary and compelling reason for relief. Good behavior and efforts towards rehabilitation are expected of an inmate. *See United States v. Logan*, 532 F. Supp. 3d 725, 735 (D. Minn. 2021) ("Prisoners are *supposed* to follow the rules, take classes, work at a job, and otherwise attempt to improve themselves. That a prisoner does so means that he has met baseline expectations, not that he has done something extraordinary."); *see also McCain*, 2023 WL 7385546, at *8 (finding no extraordinary and compelling reasons where defendant showed rehabilitation but made no other successful arguments in favor of release).

### B.    18 U.S.C. § 3553(a) Factors

Defendant has failed to show an extraordinary and compelling reason warranting a reduction in sentence, and therefore the Court is not required to further consider whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a reduction. However, the Court finds that even if an extraordinary and compelling reason existed, an analysis of the § 3553(a) factors would not support granting relief. Under § 3553(a) the goal is for a sentence "sufficient, but not greater than necessary" to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). The Court weighs whether the nature of the offense, a defendant's personal history, the sentence relative to the nature and seriousness of his offense, the need for a sentence to find just punishment for the crime, the need to protect the public and deter crime, the need to provide a defendant with effective rehabilitative circumstances, the need to avoid

sentencing disparity, and other sentencing considerations weigh in favor of relief. *See id.* A court may consider post-sentencing facts in the record such as behavior while incarcerated and rehabilitation efforts. *United States v. Martin*, 916 F.3d 389, 397 (4th Cir. 2019); U.S.S.G. § 1B1.13(d).

As discussed above, the Court recognizes Defendant has made positive efforts while incarcerated and the Court believes such efforts will be helpful upon his release. However, the § 3553(a) factors overall weigh against a reduction in sentence. Defendant was involved in a serious crime as part of an ongoing conspiracy which involved bringing drugs inside the country. He distributed methamphetamine to another party to sell on multiple occasions and personally wired money to the foreign supplier. Defendant has a lengthy criminal history and has already received the benefit of a sentence below the guideline range. (ECF No. 33). Any lesser sentence would not promote respect for the law, reflect the seriousness of the crime, or reflect the need for just punishment. *See* 18 U.S.C. § 3553(a)(2).

Accordingly, for the reasons stated herein, the Court enters the following:

**ORDER**

**IT IS THEREFORE ORDERED** that Defendant's Motion for Reduced Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), (ECF No. 55), is **DENIED**.

This, the 9th day of May 2025.

/s/ Loretta C. Biggs
Senior United States District Judge

9